# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**JERRY L. HOFFMAN, JR.,**

    **Plaintiff,**

vs.                                                Case No. 1:23cv60-MW-MAF

**NICHOLAS T. DOMICO,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, filed a second amended complaint, ECF No. 7, against Gainesville Police Officer Nicholas T. Domico, suing him in both his individual and official capacities. *Id.* at 3. Service was directed and Defendant Domico responded to the second amended complaint [hereinafter "complaint"] by filing a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). ECF No. 14. Plaintiff was advised of his obligation to respond to that motion if he opposed it, ECF No. 15, and his response was timely filed. ECF No. 19. The motion is ready for a ruling.

**Allegations of the complaint, ECF No. 7**

Plaintiff had an altercation with an "armed guard" at the Social Security office in Gainesville, Florida. ECF No. 7 at 4-5. Plaintiff alleged that he intended to "fill out benefits paperwork and video record [his] interactions with public officials in areas legally allowed . . . ." *Id.* However, the guard told Plaintiff to "step outside," shoving him to the floor in the process, and "snatching Plaintiff's recording equipment." *Id.* at 5. After the altercation became physical, Plaintiff called the Gainesville Police Department for assistance and Defendant Domico responded. *Id.*

Plaintiff said that Defendant Domico went first to the Social Security Office, then met Plaintiff at the police station. *Id.* at 6. Defendant Domico issued Plaintiff a trespass warning, which Plaintiff contends was unlawful. *Id.* The reason given was that Plaintiff had not gone to the Office "for service," and Plaintiff disputes that as a "lawful reason." *Id.* Plaintiff also contends that Defendant Domico trespassed him "forever" which impacts his "liberty interest in acquiring service from" the Social Security Office. *Id.* at 7. Plaintiff alleges that his constitutional due process rights were violated by Defendant Domico, *id.* at 6-7, and Plaintiff seeks punitive damages and injunctive relief (dismissal of the "unlawful trespass").

**The motion to dismiss, ECF No. 14**

Defendant seeks to dismiss Plaintiff's complaint for failure to state a claim, and to "strike impertinent material." *Id.* at 1. Defendant contends that he did not trespass "Plaintiff from the Social Security Administration building, but apparently merely relayed information about the law of trespass." *Id.* at 4. Further, Defendant disputes that he has "the ability to 'trespass forever' the Plaintiff from the Social Security Administration building and contends that "Plaintiff's allegations to that effect are nonsense and Defendant moves to strike said allegations." *Id.* In addition, Defendant argues that Plaintiff's complaint does not "set forth any facts showing a policy or practice of the Gainesville Police Department that violate Plaintiff's constitutional rights." *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,  556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).  A complaint's well-pleaded factual allegations are accepted as true, but "conclusory allegations" unsupported by facts are "not entitled to an assumption of truth."  Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).  Thus, dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965 (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).  "[A] court must take the allegations as true, no matter how skeptical the court may be."  Iqbal, 556 U.S. at 696, 129 S. Ct. at 1959 (Souter, J., dissenting).  It is also not appropriate to grant a motion to dismiss by resolving questions of fact; such issues must be decided at summary judgment.  Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1267 (11th Cir. 1997)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" Iqbal, 129 S. Ct. at 1949 (citing

Twombly, 550 at 556).  The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002).  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 127 S. Ct. at 1966).

**Analysis**

Defendant Domico takes issue with Plaintiff's allegation that he issued the "unlawful trespass against Plaintiff."  ECF No. 14 at 3-4. Defendant contends that he "did not trespass the Plaintiff from the Social Security Administration building, but apparently merely relayed information about the law of trespass."  Id. at 4.

Plaintiff's response to the motion to dismiss disputes that contention. ECF No. 19 at 4.  Plaintiff contends that the Defendant told "the facility manager that he [Defendant Domico] will trespass" the Plaintiff, even before the manager brought up the subject of issuing a trespass.  *Id.*  Nevertheless, Plaintiff's complaint alleged that Defendant Domico issued the trespass against Plaintiff at the police station.  ECF No. 7 at 6.  As noted above, a Defendant's disagreement with Plaintiff's facts is not an appropriate basis to grant a motion to dismiss.  "A motion to dismiss is not the vehicle by which the truth of a plaintiffs 'factual allegations should be judged."  Herring v. Mahoney, No. 4:15cv402-RH/GRJ, 2017 WL 125036, at *1 (N.D. Fla. Jan. 11, 2017).  "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'"  Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Herring, 2017 WL 125036, at *1).  The complaint cannot be dismissed based on Defendant's dispute with Plaintiff's alleged facts.

In addition, Defendant seeks to strike Plaintiff's allegations. Defendant states that as a Gainesville Police Officer, he "does not have the

ability to 'trespass forever' the Plaintiff from the Social Security Administration building." ECF No. 14 at 4. Defendant contends that "Plaintiff's allegations to that effect are nonsense and Defendant moves to strike said allegations." *Id.* Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, Defendant's dispute with Plaintiff's alleged facts and the contention that it is "nonsense" is not a proper basis to grant a Rule 12(f) motion. The allegation may be disputed, but it is not "redundant, immaterial, impertinent, or scandalous."

### 1. Failure to State a Claim

Defendant argues that Plaintiff has failed to state a claim for a due process violation. ECF No. 14 at 5-7. Primarily, Defendant argues that the "factual basis of Plaintiff's lawsuit . . . cannot support a section 1983 action." *Id.* at 6. Defendant contends the "allegations are conclusory" and either "misstate the law, or reflect Plaintiff's fundamental misunderstanding of the law of trespass, as to constitute nonsense allegations." *Id.*

As a matter of clarification, Plaintiff's complaint raised both a substantive due process claim and a procedural due process claim. ECF No. 7 at 5. Plaintiff asserts that his "liberty interest in acquiring service

from" a federal governmental facility was violated, and that he was "trespassed forever" "without a lawful reason or due process of law . . . ." ECF No. 7 at 5-6.

"The Due Process Clause requires 'that a deprivation of life, liberty or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950)) (quoted in Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011) (holding that four homeless plaintiffs possessed "a private liberty interest in lawfully visiting city property that is open to the public"). "To pursue a procedural due process claim, [a Plaintiff] must show '(1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" Catron, 658 F.3d at 1266 (quoted in McArdle v. City of Ocala, 519 F. Supp. 3d 1045, 1053 (M.D. Fla. 2021)).

Here, Defendant does not address the elements of a procedural due process claim, instead focusing incorrectly on whether Plaintiff alleged that the Defendant "acted with deliberate indifference to deprive Plaintiff of

rights secured under the Constitution or federal statutes." See ECF No. 14 at 7.  That argument is misplaced and incorrect.

Plaintiff alleged that he was inside the "public lobby and vestibule" of a Social Security Office.  ECF No. 7 at 5.  He alleged he was in a "public federal facility" and that he was "attempting to exercise Plaintiff's Constitutionally protected First Amendment right of freedom of speech by peacefully attempting to record Plaintiff's interactions with government officials in a format easily disseminated to the public."  ECF No. 7 at 5.  Plaintiff said he "intended [to] fill out benefits paperwork and video record" his interactions with public officials in areas legally allowed . . . ."  Id. at 4.  Plaintiff alleged a sufficient procedural due process claim.  He alleged that he was deprived of the First Amendment[1] right to videotape his interaction with public officials in violation of the First Amendment, and that he was deprived of a liberty or property interest in obtaining social security benefits.  He claimed that he was trespassed by a city police officer which

---

[1] Plaintiff alleged facts which potentially state a violation of his First Amendment rights.  See Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000) (stating "[t]he First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest"); Dunn v. City of Fort Valley, 464 F. Supp. 3d 1347, 1366 (M.D. Ga. 2020) (holding that "plaintiff plausibly states a First Amendment violation by alleging he was arrested for documenting the activity of public officials on public property).

qualifies as "state action" under § 1983. Finally, Plaintiff said that he was not provided process before he was "trespassed forever." Plaintiff's allegations are sufficient to state a claim and the motion to dismiss Plaintiff's procedural due process claim should be denied.

Additionally, Defendant does not address the elements of a substantive due process claim. Defendant argues only that "a showing of deliberate indifference is required to establish a violation of substantive due process rights protected by the fourteenth amendment." ECF No. 14 at 5-6 (citing to Cannon v. Macon Cnty., 1 F.3d 1558, 1563 (11th Cir. 1993), opinion modified on reh'g, 15 F.3d 1022 (11th Cir. 1994)). Yet this is not a prisoner case and the Eighth Amendment is not implicated.

"The substantive component of the Due Process Clause 'protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.'" Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992) (internal quotation marks and citation omitted) (quoted in Hoefling v. City of Miami, 811 F.3d 1271, 1282 (11th Cir. 2016).

The Eleventh Circuit has clarified that to state a valid substantive due process claim under § 1983, a Plaintiff must allege "(1) a deprivation of a

constitutionally protected interest, and (2) that the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation." Hoefling, 811 F.3d at 1282 (quoted in Littlejohn v. Sch. Bd. of Leon Cnty. Fla., 647 F. Supp. 3d 1271, 1277 (N.D. Fla. 2022)).  Yet "conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense."  Waddell v. Hendry Cnty. Sheriff's Off., 329 F.3d 1300, 1305 (11th Cir. 2003) (citing to Collins, 112 S.Ct. at 1070).  "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." Waddell, 329 F.3d at 1305 (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998)).  Here, the issuance of a trespass warning is not "egregious" conduct, nor is it conscience shocking.  While Plaintiff has a procedural due process claim that should proceed, his substantive due process claim should not.

## 2. Official Capacity Claim

Defendant Domico was sued in both his individual and official capacities.  ECF No. 7 at 3.  Defendant contends that Plaintiff "fails to state a claim against Officer Domico in his official capacity."  ECF No. 14 at 7.

Page 12 of 15

He argues that Plaintiff has not alleged that a violation occurred pursuant to a custom, practice, or official policy, of the Gainesville Police Department. *Id.* at 7-8.

The law is well settled that to bring an official capacity claim, a plaintiff must "allege a policy, practice, or custom" which caused him harm by violating his constitutional rights. Hoefling, 811 F.3d at 1280. That is so because a municipality cannot be "vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (quoted in Cooper v. Rutherford, 828 F. App'x 619, 621 (11th Cir. 2020)). "Section 1983 imposes liability on a municipality . . . only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy. Stewart v. Brunson, No. 3:21-CV-617-WHA-SRW, 2021 WL 4859919, at *2 (M.D. Ala. Sept. 24, 2021), report and recommendation adopted, No. 3:21-CV-617-WHA-SRW, 2021 WL 4847195 (M.D. Ala. Oct. 18, 2021) (citing Monell); *see also* Taig v. City of Vero Beach, No. 9:21-CV-80391-RLR, 2022 WL 463900, at *3 (S.D. Fla. Feb. 15, 2022) (quoting Monell - "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort").

A municipality can be liable under § 1983 in three different ways. First, liability can be based on "an official policy enacted by its legislative body (e.g., an ordinance or resolution passed by a city council)." Hoefling, 811 F.3d at 1279 (citing Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), and McKusick v. City of Melbourne, 96 F.3d 478, 483 (11th Cir. 1996)). "Municipal liability may also attach if final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure." Hoefling, 811 F.3d at 1279 (citing to Bd. of Cty. Commissioners v. Brown, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); Brown v. City of Ft. Lauderdale, 923 F.2d 1474, 1481 n.11 (11th Cir. 1991)). The third way a municipality can be held liable is "on the basis of ratification when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." Matthews v. Columbia Cnty., 294 F.3d 1294, 1297 (11th Cir. 2002) (quoted in Hoefling, 811 F.3d at 1279). In any of those scenarios, however, liability exists because "a municipal 'policy' or 'custom' is the moving force behind the constitutional violation." Cooper, 828 F. App'x at 621. To present a viable official capacity claim, there must be

some indication and identification of a policy, custom, or practice. 828 F. App'x at 621. It is incumbent that a "plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.'" Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (quoted in Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), overruled by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)); McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004).

In this case, Plaintiff has not identified any policy, custom, or practice that caused the violation of either his First or Fourteenth Amendment rights. Plaintiff alleged only that Defendant Domico trespassed him from the property. No specific policy was mentioned or identified. Accordingly, there is no basis upon which to premise this claim on actions that were taken pursuant to a custom, policy, or practice of the Gainesville Police Department or City of Gainesville.[2] Because Plaintiff did not allege sufficient facts to state a viable official capacity claim against Defendant Domico, the motion to dismiss the official capacity claim should be granted.

---

[2] See Depew v. City of St. Marys, 787 F.2d 1496 (11th Cir. 1986) ("Normally, random acts or isolated incidents are insufficient to establish a custom or policy").

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 14, be **GRANTED in part** and **DENIED in part.** The official capacity claims should be **DISMISSED**, but the individual capacity claims should continue, and this case should be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 30, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**