IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JERRY L. HOFFMAN, JR.

    *Plaintiff*,

v.                                       Case No.: 1:23cv60-MW/MAF

NICHOLAS T. DOMICO,

    *Defendant.*
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

    This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 20, and has also reviewed *de novo* Plaintiff's objections, ECF No. 21. The Magistrate Judge recommends that Defendant's motion to dismiss be granted as to Plaintiff's official capacity claims because Plaintiff failed to allege sufficient facts showing that Defendant's actions were taken pursuant to a custom, policy, or practice of the Gainesville Police Department. ECF No. 20 at 15. The Magistrate Judge recommends that the rest of Defendant's motion to dismiss be denied.

    Plaintiff raises one objection—namely, that all of Defendant's supervisors knew about his unlawful behavior and, pursuant to their custom, ignored it. ECF No. 21. Put another way, Plaintiff submits new factual allegations regarding the

Gainesville Police Department's custom of ignoring Defendant's alleged constitutional violations and, as a result, his official capacity claims should not be dismissed. *Id.* at 1–2.

However, factual allegations in an objection to a report and recommendation—and not in the operative complaint—are insufficient to stave off a motion to dismiss. But Plaintiff's proffered factual allegations indicate that dismissal of his official capacity claims *with prejudice* would be inappropriate. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled plaintiffs, but deciding "nothing about a party proceeding pro se").

Here, Plaintiff's proffered factual allegations regarding the custom of Defendant's supervisors indicate that a more carefully drafted complaint might state plausible official capacity claims. For this reason, these claims are due to be dismissed *without prejudice*. If Plaintiff wishes to file an amended complaint with new factual allegations regarding these official capacity claims, he must file a motion for leave to do so. Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 20, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. Defendant's motion to dismiss, ECF No. 14 is **GRANTED in part** and **DENIED in part**.

3. Plaintiff's official capacity claims are **DISMISSED without prejudice**.

4. Plaintiff's individual capacity claims may proceed.

5. This case is remanded back to the Magistrate Judge for proceedings consistent with this order.

**SO ORDERED on November 27, 2023.**

s/Mark E. Walker
**Chief United States District Judge**
