**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JERRY L. HOFFMAN, JR.,**

    **Plaintiff,**

vs.                                      **Case No. 1:23cv60-MW-MAF**

**NICHOLAS T. DOMICO,**

    **Defendant.**

_____/

**SECOND REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se and with in forma pauperis status, filed a second amended complaint, ECF No. 7, against Gainesville Police Officer Nicholas T. Domico, suing him in both his individual and official capacities. *Id.* at 3. Defendant Domico filed a motion to dismiss, ECF No. 14, and a Report and Recommendation was entered, ECF No. 20, recommending the motion be granted in part and denied in part. After review of Plaintiff's objections, ECF No. 21, Chief United States District Judge Mark E. Walker concluded that "a more carefully drafted complaint might state plausible official capacity claims." ECF No. 22 at 2. Thus, Judge Walker adopted

the Report and Recommendation, granted in part the motion to dismiss, dismissed the official capacity claims without prejudice, and remanded the case for further proceedings. ECF No. 22.

In late November 2023, Plaintiff was permitted to file a third amended complaint by the end of December 2023, if he desired to do so. ECF No. 23. Although Plaintiff missed that deadline, he ultimately filed a third amended complaint ["complaint"] on January 26, 2024, ECF No. 28, and Defendant was directed to respond. ECF No. 29.

Once again, Plaintiff sues Defendant Domico in both his individual and official capacities. ECF No. 28 at 3. Thus, Defendant filed another motion to dismiss the official capacity claim, ECF No. 33, supported by several exhibits, ECF Nos. 32, 38. Defendant filed an answer, ECF No. 34, as to the individual capacity claim, and the parties were provided an opportunity to conduct discovery. ECF No. 35. The discovery period will end on June 27, 2024. *Id.*

**Allegations of the Complaint, ECF No. 28**

In summary, Plaintiff alleged that he had an altercation with an "armed guard" on April 15, 2022, while attempting to "video record Plaintiff's interactions with public officials in" the Gainesville Social Security

Office. ECF No. 28 at 4-5. Plaintiff claimed the guard did not understand the law and "eventually battered and robbed Plaintiff." *Id.* at 5. According to Plaintiff, it was the guard who caused the disturbance at the Social Security Office. *Id.* Plaintiff called the Gainesville Police Department for assistance and Defendant Domico responded. *Id.*

Defendant Domico allegedly first went to the Social Security Office, and then met Plaintiff later at the police station. *Id.* at 5. Plaintiff contends that while Defendant Domico was at the Social Security Office, he decided that neither the guard nor Plaintiff had committed a crime. *Id.*

At some point, the Defendant issued Plaintiff a trespass warning, which Plaintiff contends was "unlawful" and violated Plaintiff's due process and equal protection rights. *Id.* at 5-6. Additionally, Plaintiff claimed that Defendant Domico trespassed him "forever," impacting his "liberty interest in acquiring service from" the Social Security Office. *Id.* at 6. He alleges that social security is his "main form of income and is necessary to Plaintiff's well being." *Id.*

After that incident, Plaintiff filed a "formal complaint with GPD outlining Defendant Domico's actions." *Id.* at 6. Plaintiff claims that a 6-month investigation was conducted, but in the end, all of Defendant

Domico's supervisors "signed off on the investigation finding no fault in Defendant Domico's actions, signifying an unspoken policy where unlawful trespass is accepted and possibly encouraged." *Id.* at 6-7.

As relief, Plaintiff seeks punitive damages as well as injunctive relief. ECF No. 28 at 8. Plaintiff requests the dismissal of the "unlawful trespass," and "training for all GPD police officers on Civil Rights." *Id.*

**The motion to dismiss, ECF No. 33**

Defendant seeks to dismiss Plaintiff's official capacity claim for "failure to state a claim upon which relief can be granted." ECF No. 33 at 4. The primary argument is that Plaintiff is attempting to rely on a "ratification theory" of liability which is insufficient. *Id.* at 4-5. Furthermore, Defendant argues that he did not violate Plaintiff's constitutional rights. *Id.* at 5-6.

**Defendants' Exhibits**

As noted above, Defendant's motion to dismiss relies on several exhibits which Defendant argues are "central to Plaintiff's official capacity claim." ECF No. 33 at 3. In total, Defendant presented 3 documentary

exhibits[1], *see* ECF No. 32-1, 32-2, and 32-3, as well as an excerpt from the Defendant's body camera footage, ECF No. 32-4.[2]

"Generally, when considering a motion to dismiss, the district court must limit its consideration to the pleadings and any exhibits attached to it." Baker v. City of Madison, 67 F.4th 1268, 1276 (11th Cir. 2023) (citing Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)). However, the "incorporation-by-reference doctrine" permits a court to "consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if (1) 'the plaintiff refers to certain documents in the complaint,' (2) those documents are 'central to the plaintiff's claim,' and (3) the documents' contents are undisputed." Baker, 67 F.4th at 1276 (citations omitted) (permitting consideration of undisputed body camera video footage when ruling on a motion to dismiss).

Here, Defendant presented three documentary exhibits[1], see ECF No. 32-1, 32-2, and 32-3, as well as an excerpt from the Defendant's body camera footage, ECF No. 32-4. Plaintiff's complaint does reference the

---

[1] The exhibits consist of a "GPD Citizen Complaint Form," a GPD Incident/Investigation Report, and a GPD Internal Affairs Investigative Report. ECF No. 32. GPD stands for Gainesville Police Department. ECF No. 32-1 at 1.

[2] The footage has been separately submitted as ECF No. 37.

Case No. 1:23cv60-MW-MAF

body camera video footage, and Plaintiff acknowledged filing a "complaint with GPD" [Gainesville Police Department], which resulted in an internal investigation. See ECF No. 28 at 5-7. After concluding that a foundation was laid for considering Defendant's evidence, an Order was entered, ECF No. 36, providing Plaintiff with an opportunity to challenge the authenticity of the footage or the documents submitted. ECF No. 36. The Order specifically advised that if Plaintiff challenged the authenticity of any of the exhibits, Plaintiff "must clearly explain his dispute with specific facts and not vague assertions." *Id.* at 4.

Plaintiff timely filed a response, stating: "Plaintiff understands the [Defendant's] documents in Doc. 33 to be authentic." ECF No. 39 at 1. Although he indicated there were some "inaccuracies" in ECF No. 32-3, he did not challenge the authenticity of that, or any other exhibit. Therefore, the parties were advised that Defendant's exhibits would be considered in ruling on Defendant's motion to dismiss, and there was no need to convert the motion into one seeking summary judgment. ECF No. 40.

**Plaintiff's Exhibits**

Plaintiff filed an amended response, ECF No. 41, to the motion to dismiss, ECF No. 33. He also filed a separate "notice" which indicated he

Case No. 1:23cv60-MW-MAF

would be submitting a "flash drive" containing "the Defendant's body worn camera video" and "Plaintiff's recorded video" of his "encounter at the same Social Security office." ECF No. 42 at 1. Although Plaintiff's amended response was submitted beyond the deadline, ECF No. 41, an Order was entered advising that the amended response would be considered when ruling on the motion to dismiss. ECF No. 45. However, Plaintiff was informed that he need not submit a "flash drive" in the future because that evidence was beyond the deadline and because Plaintiff's response, ECF No. 41, did not specifically address any specific moment from the video recordings. ECF No. 45.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). A complaint's well-pleaded factual allegations are accepted as true, but "conclusory allegations" unsupported by facts are "not entitled to an assumption of truth." Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010). Thus, dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965 (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). "[A] court must take the allegations as true, no matter how skeptical the court may be." Iqbal, 556 U.S. at 696, 129 S. Ct. at 1959 (Souter, J., dissenting). It is also not appropriate to grant a motion to dismiss by resolving questions of fact; such issues must be decided at summary judgment. Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1267 (11th Cir. 1997)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 at 556). The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the

Case No. 1:23cv60-MW-MAF

defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 127 S. Ct. at 1966).

**Analysis**

The law is well settled that to bring an official capacity claim, a plaintiff must "allege a policy, practice, or custom" which caused him harm by violating his constitutional rights. Hoefling, 811 F.3d at 1280. That is so because a municipality cannot be "vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (quoted in Cooper v. Rutherford, 828 F. App'x 619, 621 (11th Cir. 2020)). "Section 1983 imposes liability on a

municipality . . . only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy. Stewart v. Brunson, No. 3:21-CV-617-WHA-SRW, 2021 WL 4859919, at *2 (M.D. Ala. Sept. 24, 2021), report and recommendation adopted, No. 3:21-CV-617-WHA-SRW, 2021 WL 4847195 (M.D. Ala. Oct. 18, 2021) (citing Monell); see also Taig v. City of Vero Beach, No. 9:21-CV-80391-RLR, 2022 WL 463900, at *3 (S.D. Fla. Feb. 15, 2022) (quoting Monell - "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort").

A municipality can be liable under § 1983 in three different ways. First, liability can be based on "an official policy enacted by its legislative body (e.g., an ordinance or resolution passed by a city council)." Hoefling, 811 F.3d at 1279 (citing Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), and McKusick v. City of Melbourne, 96 F.3d 478, 483 (11th Cir. 1996)). "Municipal liability may also attach if final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure." Hoefling, 811 F.3d at 1279 (citing to Bd. of Cty. Commissioners v. Brown, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); Brown v. City of Ft.

Lauderdale, 923 F.2d 1474, 1481 n.11 (11th Cir. 1991)).  Third, a municipality could be held liable "on the basis of ratification when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority."  Matthews v. Columbia Cnty., 294 F.3d 1294, 1297 (11th Cir. 2002) (quoted in Hoefling, 811 F.3d at 1279).  In any of those scenarios, however, liability exists because "a municipal 'policy' or 'custom' is the moving force behind the constitutional violation."  Cooper, 828 F. App'x at 621.

It is incumbent that a "plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.'"  Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (quoted in Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), overruled by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)); McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004).  In this case, Plaintiff's only identification of a policy, custom, or practice is the final allegation of the complaint: that the "investigation finding no fault in Defendant Domico's actions [signified] an unspoken policy where unlawful trespass is accepted and possibly

encouraged." ECF No. 28 at 7. Thus, Plaintiff's claim is that Defendant Domico's trespass order violated his due process[3] and equal protection rights, *id.* at 8, and that Defendant's supervisors ratified that action by signing off on the internal affairs report. *See also* ECF No. 41 at 5.

Accordingly, the "Citizen Complaint Form" submitted by Plaintiff to GPD is at the heart of Plaintiff's "official capacity" claim. That complaint and the ensuring investigation report have been reviewed. ECF No. 32-1 - ECF No. 32-3.

Plaintiff complained that he was "assaulted, battered and robbed at the Social Security Office" on April 15, 2022. ECF No. 32-1 at 2. He said he went to the GPD to report the incident and met Officer Domico, who responded to his call for service. *Id.* Plaintiff complained about Defendant Domico's conclusion that the guard at the Social Security Office had not committed an assault or battery. *Id.* Plaintiff also expressed displeasure that Defendant Domico only warned the guard about snatching property away from someone and did not charge him with robbery. *Id.* Further,

---

[3] Plaintiff's amended response to the motion to dismiss provides clarity to his due process claim. Plaintiff said that he "was unlawfully trespassed" by Defendant Domico "without the opportunity to be heard and without a decision by a neutral decision maker." ECF No. 41 at 2.

Plaintiff alleged that Defendant Domico put false information in his report, and Plaintiff requested that Domico no longer remain employed with GPD because he had perjured himself. *Id.*

The fatal flaw with Plaintiff's official capacity claim is that Plaintiff's GPD complaint about Defendant Domico was silent on the trespass issue. Plaintiff never complained about the Defendant trespassing him, and never raised an issue about the manner in which he was trespassed - that it was "forever" or otherwise improper.[4]

The GPD Internal Affairs Investigative Report which was conducted based on Plaintiff's complaint evaluated the issues about which Plaintiff complained. *See* ECF No. 32-3. The Investigation focused on Plaintiff's complaint that Defendant Domico did not arrest or charge the security guard, and that Domico's report "defamed" Plaintiff. *Id.* at 1. The investigator noted that Plaintiff maintained that he had the right to film inside the Social Security Office, but it was concluded that the posted signs in that facility prohibited photography and videography. *Id.* at 3. The

---

[4] Another exhibit submitted by the Defendant is his "Incident/Investigation Report" which states that he gave Plaintiff "a trespass warning not to return to the property, indefinitely, unless he was excused for prescheduled and approved social security business, and placed an alert into his RMS profile." ECF No. 32-2 at 3.

Case No. 1:23cv60-MW-MAF

conclusion of the investigator was that Plaintiff's claims against Defendant Domico were "not valid." *Id.* at 5. It was further concluded that Defendant Domico's report was "accurate and verified," and Plaintiff's "allegation of improper investigation by Officer Domico [was] UNFOUNDED." *Id.* at 5-6.

However, no conclusion was reached or articulated about the trespass issue. Thus, there was no ratification of a policy concerning trespass because Plaintiff never complained about the trespass. *See* Thompson v. Sheriff, Pinellas Cnty., 542 F. App'x 826, 830 (11th Cir. 2013) (concluding that the Sheriff's approval of a nomination for Defendant Farnham "could not constitute ratification" of the Defendant's actions because at the time of the nomination, "the Sheriff was not even aware of allegations of wrongdoing on the part of Farnham"). Because a policy[5] could not be ratified concerning trespass if the Defendant's supervisors were unaware that Plaintiff claimed the trespass was unlawful, the motion to dismiss should be granted as to the official capacity claim.

---

[5] In light of this conclusion, there is no need to address whether the supervisors at GPD (the Investigator, Internal Affairs Commander, Bureau Commander, Chief Inspector, Assistant Chief of Police, and Police Chief) could be deemed to be the "official policymakers" for the City of Gainesville or the Gainesville Police Department. Matthews v. Columbia Cnty., 294 F.3d 1294, 1297 (11th Cir. 2002) (noting that "[o]nly those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability") (quotation omitted).

Case No. 1:23cv60-MW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss the official capacity claim of Plaintiff's third amended complaint, ECF No. 33, be **GRANTED**. The official capacity claim should be **DISMISSED**, but the individual capacity claims should continue, and this case should be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 1:23cv60-MW-MAF